# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,           )
                             )
    v.                        )      ID No.: 2202013369
                             )
AMIR COLDER,                 )
                             )
    Defendant.                )

# **ORDER**

This 12th day of July, 2023, upon consideration of Defendant, Amir Colder's ("Defendant"), Motions for Sentence Modification (the "Motions"),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1. On April 10, 2023, Defendant pled guilty to Possession of a Controlled Substance and was sentenced to 15 years at Level V, suspended after 18 months, for six months at Level IV Home Confinement, followed by one year at Level III probation.[2] The sentencing order also specifies that Defendant be held at Level V at the termination of the Level V portion of his sentence until space becomes available at Level IV Home Confinement.[3]

---

[1] D.I. 25, *Pro Se* Request for Sentence Modification, May 31, 2023; D.I. 26, Motion for Modification/Review of Sentence, June 12, 2023.
[2] D.I. 24.
[3] *Id.*

2. On May 31, 2023, Defendant filed a *pro se* Request for Sentence Modification.[4] On June 12, 2023, with the assistance of counsel, Defendant filed a Motion for Modification/Review of Sentence.[5] In the Motions, Defendant disagrees with the decision of the Department of Corrections ("DOC") to transfer him to Level IV Work Release prior to the termination of his Level V period of incarceration because a work release program was not contemplated by the parties nor included in Defendant's sentencing order.[6] Thus, Defendant argues that the remainder of his Level V sentence should be reduced so that he may immediately begin his period of Level IV Home Confinement to accurately reflect the intent of the parties.[7]

3. On July 10, 2023, Defendant completed the Level V portion of his sentence per current Delaware Judicial Information System records. As of this date, Defendant is being held at Level V, in accordance with the sentencing order, until space becomes available at Level IV Home Confinement.

4. Because the Level V portion of Defendant's sentence has already expired, the Court cannot issue an order that would further reduce that sentence. Hence, the Court will defer to the discretion of the DOC with regard to the placement of Defendant while he is held awaiting Level IV Home Confinement.

---

[4] D.I. 25.
[5] D.I. 26.
[6] D.I. 26 at 2.
[7] *Id.*

For the foregoing reasons, the Defendant's Motions for Modification of Sentence are **MOOT** and the Motions are hereby **SUMMARILY DISMISSED**.

**IT IS SO ORDERED.**

_____
**Sheldon K. Rennie, Judge**

Original to Prothonotary
Cc:    Amir Colder (SBI #00973487), Plummer Center, Wilmington, DE
        Zachary George, Esquire, Hudson Jones Jaywork & Fisher LLC, Dover, DE